IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-50,361-04





EX PARTE CHARLES ANTHONY NEALY







ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. F97-52818-H FROM THE


CRIMINAL DISTRICT COURT NO. 1 OF DALLAS COUNTY





Per Curiam.


ORDER



 This is a subsequent application for writ of habeas corpus filed pursuant to Texas Code
of Criminal Procedure, Article 11.071, Section 5.

 Applicant was convicted of capital murder on September 2, 1998. After review this
Court affirmed the conviction and sentence of death. Nealy v. State, No. 73,267
(Tex.Crim.App. September 13, 2000). On July 7, 2000, applicant filed his initial application
for writ of habeas corpus pursuant to Article 11.071. We denied relief. Ex parte Nealy, No.
WR-50,361-01 (Tex.Crim.App. October 24, 2001). On November 9, 2006, applicant filed
a subsequent application that alleged that, under the Fifth Amendment, he was actually 


innocent. This claim is based on a new recantation by his cousin, who testified at trial, and
alleged subordination of perjury by the prosecutor. We dismissed his claim of actual
innocence and remanded the claim of prosecutorial misconduct to the convicting court for
resolution. After the case was returned to this Court we denied relief. Ex parte Nealy, WR-50,361-03 (Tex. Crim. App. February 7, 2007).

 Applicant now argues that the same prosecutorial misconduct that he identified in his
first subsequent application also rendered his conviction unreliable, in violation of the Eighth
Amendment. But he alleges no facts that were unavailable to him through reasonable
diligence prior to filing his first subsequent application, and the legal basis for his present
claim was also available at that time. We therefore dismiss this claim as an abuse of the writ.

 Applicant also argues that he is mentally retarded and cannot be executed. Under our
recent holding in Ex parte Blue,  S.W.3d , AP-75,254 (Tex. Crim. App. March 7, 2007), 
applicant must show "evidence of a sufficiently clear and convincing character that we could
ultimately conclude, to that level of confidence, that no rational factfinder would fail to find
he is in fact mentally retarded." Slip op at 18. Applicant has failed to meet this standard, and
we dismiss the claim as an abuse of the writ. Applicant's motion for stay of execution is
denied.

 IT IS SO ORDERED THIS THE 15TH DAY OF MARCH, 2007.

Do Not Publish